|   |   |
|---|---|
| Lida Cestro, through her guardian Dominick Cestro,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LNV Corporation, a Nevada corporation, *et al.*,<br><br>　　　　Defendant. | No. CV10-1507-PHX-NVW<br><br>**ORDER AND OPINION**<br><br>Re: Motion at Doc. 26 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Before the Court is Defendant LNV Corporation's Motion for Judgment on the Pleadings (Doc. 26), Plaintiff's Response to Defendant's Motion (Doc. 29), and Defendant's Reply in Support of its Motion. (Doc. 33.) For the reasons stated below, the Court will grant Defendant's motion to the extent it seeks dismissal of Defendant LNV Corporation with respect to Counts I and II of Plaintiff's complaint.[1] Plaintiff will be granted leave to amend her complaint.

**I.    Background**

On a motion under Federal Rule of Procedure 12(c), the Court takes all material allegations of the nonmoving party as true and construes the pleadings in the light most

---

[1] Count III of Plaintiff's complaint is directed only at Defendant Lender Services Direct, Inc., and accordingly is not discussed in this Order.

favorable to the nonmoving party. *Doyle v. Raley's, Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998). The facts stated here represent the allegations in the complaint and are assumed to be true for purposes of this motion.

Plaintiff is Ms. Lida Cestro, an elderly woman with a residence at 4216 North 85th Drive, Phoenix, Arizona.[2] Ms. Cestro obtained a loan encumbering her residence in the amount of $150,000.00 through Defendant Lender Services Direct, Inc. in December 2005. Lender Services Direct and its agent, Brandon Sanz, made false representations regarding Ms. Cestro's abilities to pay the loan and forged other documents to indicate that Ms. Cestro owned or was employed by an auto body shop. At the time the loan was obtained, Ms. Cestro had been deemed legally incapacitated for more than a year and was under the guardianship of the Maricopa County Public Fiduciary. (Doc. 29.) In May 2006, Ms. Cestro's son, Dominick Cestro, was appointed as Ms. Cestro's successor guardian.

Ms. Cestro made regular payments on the loan, although she alleges the payments were mishandled by the loan servicing company. In March 2008, Ms. Cestro's loan was assigned by Mortgage Electronic Registration System, Inc. (hereinafter "MERS") to Defendant LNV Corporation. The servicing of the loan was also transferred between GMAC Mortgage, Inc. and MGC Mortgage, Inc. in 2008. In October 2008, GMAC began debt collection efforts with respect to the loan on behalf of LNV Corporation for the $5,321.36 it alleged Plaintiff was in default. GMAC also notified Plaintiff that it would complete a full audit of Plaintiff's account to ensure that she had been given proper credit for all transactions on her loan since July 2008. In December 2008, GMAC notified Plaintiff that it was initiating a foreclosure action on her home.

In January 2009, Defendant Executive Trustee Services, LLC, was substituted as a trustee under the deed of trust; as trustee, Executive Trustee Services recorded a Notice of

---

[2]Plaintiff is referred to as an eighty-five-year-old woman in the pleadings, but it is unclear whether she was eighty-five years old in 2005, when the loan was initially obtained, or whether she is currently eighty-five years old.

- 2 -

Trustee's Sale scheduling Plaintiff's property to be sold on May 11, 2009. In February 2009, Plaintiff provided GMAC with proof of her 2008 mortgage payments and explained her economic hardship. On May 1, 2009, Plaintiff requested injunctive relief in Maricopa County Superior Court to prevent the sale of her residence; that court entered a Stipulated Order enjoining the sale on October 29, 2009. Executive Trustee Services again scheduled a trustee's sale of Plaintiff's residence for July 21, 2010.

Plaintiff filed this complaint in Maricopa County Superior Court on July 6, 2010; the case was then removed to federal court on the basis of diversity jurisdiction on July 16, 2010. (Doc. 1.) Defendants LNV Corporation and MGC Mortgage, Inc. stipulated to enjoin the trustee's sale on July 19, 2010 (Doc. 7). This Court issued an order enjoining the trustee's sale on July 20, 2010. (Doc. 10.) Defendants LNV Corporation and MGC Mortgage, Inc. answered Plaintiff's complaint on September 13, 2010. (Doc. 22.) Defendants LNV Corporation and MGC Mortgage, Inc. moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint, which is now before the Court.[3] (Doc. 26.)

## II.  Legal Standard

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because "Rules 12(b)(6) and 12(c) are substantially identical[,]" *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005), a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In ruling on a Rule 12(c) motion, a court must "determine whether the facts alleged in the

---

[3]Plaintiff stipulated to the dismissal of five of the seven defendants named in her complaint, including MGC Mortgage, Inc. (Doc. 29.) Those five defendants were dismissed in this Court's October 15, 2010 order. (Doc. 30.) Defendant Lender Services Direct, Inc. has not yet made an appearance in this litigation.

complaint, to be taken for [the purposes of a Rule 12(c) motion] as true, entitle the plaintiff to a legal remedy." *Strigliabotti*, 398 F. Supp. 2d at 1097. "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Id.* A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

**III.    Analysis**

Plaintiff seeks both declaratory and injunctive relief against Defendant LNV Corporation. However, Plaintiff's complaint does not allege any wrongdoing on Defendant LNV Corporation's part, nor has Plaintiff provided any legal basis on which the Court could issue a declaratory judgment that Defendant LNV Corporation does not have any legal interest in the loan note or deed of trust, or that the loan documents now held by Defendant LNV are unenforceable.

**A.    Count I for Declaratory Relief**

First, the only apparent claims of wrongdoing contained in Plaintiff's complaint are directed toward Defendant Lender Services Direct. Plaintiff claims that Lender Services Direct and its agent, Brandon Sanz, falsified information on Plaintiff's loan application and made various misrepresentations regarding the loan in 2005, when the loan was first obtained. (Doc. 1.) Defendant LNV Corporation only obtained an interest in the note in 2008, long after any alleged fraud was purported to have been committed. Plaintiff has therefore failed to state a claim against LNV Corporation, as she has not alleged wrongful conduct on LNV Corporation's part that violated Plaintiff's rights or caused her any injury.

To the extent the complaint raises a claim for fraud against Defendant Lender Services Direct that could support declaratory relief against Defendant LNV Corporation, Plaintiff has failed to plead fraud with the necessary particularity required by Rule 9(b) of the Rules of Civil Procedure. To satisfy Rule 9(b), a complaint must state the time, place, and specific content of the false representations and the identities of the parties to the misrepresentation.

- 4 -

*See Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."). Plaintiff has alleged that false representations were made regarding her income and employment but she has not indicated whether anyone relied on the truth of those representations and was entitled to do so. Plaintiff has also not adequately pled injury resulting from those representations. Plaintiff has therefore not adequately pled facts supporting all nine elements of fraud under Arizona law. *See Wagner v. Casteel*, 136 Ariz. 29, 31, 663 P.2d 1020, 1022 (1983) (listing essential elements of fraud claim under Arizona law).

Defendant LNV Corporation argues in its reply brief that Plaintiff's fraud claims are time-barred. Because this argument was not raised in defendant's motion, the court will not rule on its substance. However, the court notes that A.R.S. § 12-543(3) sets a three-year statute of limitations for claims sounding in fraud. Plaintiff has not claimed that the alleged fraud was discovered sometime after its 2005 occurrence or asserted any basis for tolling. Plaintiff's alleged incapacity could provide such a basis. *See Schreiber v. Distrib. Co. v. Sery-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting leave to amend should be granted unless no other facts could possibly cure complaint's deficiencies).

With respect to the various other legal theories asserted by Plaintiff, none provides a basis for this Court to declare that Defendant LNV Corporation does not have a legal interest in the loan note or deed of trust. Plaintiff argues that the underlying promissory note and deed of trust are voidable because Ms. Cestro was legally incapacitated at the time the original loan transaction occurred. However, even if the Court were to find that the loan was void due to Ms. Cestro's incapacity, the equitable remedy of rescission would require Ms. Cestro to tender the loan proceeds to Defendant LNV Corporation. *See Jennings v. Lee*, 105 Ariz. 167, 171, 461 P.2d 161, 165 (1969) ("The general rule is that a party seeking to rescind a contract must restore or offer to restore to the other party that which he has received under the contract."). Plaintiff states in her response that she is no longer in possession of the loan proceeds. Rescission is therefore unavailable. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171

- 5 -

1  (9th Cir. 2003); *see also Dool v. First Nat'l Bank of Calexico*, 278 P. 233 (1929) (finding that
2  a decedent's estate must repay bank proceeds of a loan executed by decedent when loan was
3  later declared void due to decedent's incapacity at the time of execution).

4      Plaintiff maintains that she is not seeking to rescind the loan, but rather to have it
5  declared unenforceable. Plaintiff's argument is without merit. Plaintiff cites to A.R.S. § 47-
6  3305(A)–a UCC section dealing with the enforceability of negotiable instruments. However,
7  Plaintiff "does not cite, nor is the court aware of, any controlling authority providing that the
8  cited UCC section applies in non-judicial foreclosure proceedings in Arizona." *Diessner v.*
9  *Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009).

10     **B.**    **Count II for Injunctive Relief**

11     To the extent that Plaintiff's complaint seeks to enjoin the trustee's sale that was
12 scheduled for July 21, 2010, that claim is moot; the pending trustee's sale was already
13 enjoined by agreement of the parties and this Court's order. (Docs. 7, 10.) To the extent that
14 Plaintiff's complaint seeks to permanently enjoin Defendant LNV Corporation from
15 conducting any sale under the deed of trust, Plaintiff has not satisfied the requirements for
16 injunctive relief. A person seeking preliminary injunctive relief "must demonstrate 'that he
17 is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
18 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
19 public interest.'" *National Meat Ass'n v. Brown*, 599 F.3d 1093, 1097 (9th Cir. 2010) (*quoting*
20 *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374, 172 L.Ed.2d 249
21 (2008)). Because Plaintiff's complaint has failed to sufficiently plead a claim against
22 Defendant LNV Corporation, Plaintiff has not demonstrated that she is likely to succeed on
23 the merits of her claim. Further, because Plaintiff has obtained the benefit of the loan and is
24 not currently fulfilling any obligations under it, the balance of equities do not tip in her favor.
25 Accordingly, the Court grants Defendant LNV Corporation's motion with respect to Count II.

26
27
28

- 6 -

IT IS THEREFORE ORDERED that Defendant LNV Corporation's Motion for Judgment on the Pleadings is granted to the extent it seeks dismissal of Defendant LNV Corporation with respect to Counts I and II of Plaintiff's complaint.

IT IS FURTHER ORDERED that Plaintiff is given leave to amend her complaint by **December 13, 2010**. If no amended complaint is filed by **December 13, 2010**, the Clerk shall enter judgment dismissing this action with prejudice as to Defendant LNV Corporation.

DATED this 9th day of November 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE